21 CV 7439 (LGS)(SLC)

UNITED STATES DISTRCT COURT
SOUTHERN DISTRICT OF NEW YORK

M.P. and A.P., individually and on behalf of A.P., a child with a disability,

Plaintiffs,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant.

**DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF IT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street
New York, NY 10007

Of Counsel: Alexandra L. Yacyshyn
Tel: (212) 356-3586
Matter No. 2021-025083

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………........……i

PRELIMINARY STATEMENT…………………………………………………………….…..ii

ARGUMENT……………………………………………………………………………….…...2

POINT 1: PLAINTIFF'S EFFORTS TO CRITIQUE THE SRO'S DECISION ONLY FURTHER DEMONSTRATE ITS QUALITY………………………………………………....…2

    A. The SRO did not apply an unfair or unreasonable standard in assessing Plaintiffs' claims……………………………………………………………………………………….2

    B. Plaintiffs' reliance on evidence not before the SRO does not detract from the overall quality of his opinion………………………………………………………………………4

POINT 2: PLAINTIFFS HAVE FAILED TO SHOW HOW THE STUDENT'S INDIVIDUALIZED PLANS WERE MODIFIED FOR REMOTE LEARNING………………..6

POINT 3: PLAINTIFFS ARE PRECLUDED FROM AN AWARD OF COMPENSATORY EDUCATION…………………………………………………………………………………..8

CONCLUSION……………………………..……………………………………………10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*B.P. v. N.Y.C. Dep't of Educ.*,
No. 14-CV- 1822, 2014 U.S. Dist. LEXIS 167552, *18 (S.D.N.Y. December
3, 2014) .................................................................................................................... 9

*D.B. & M.C. v. N.Y.C. Dep't of Educ.*,
966 F. Supp. 2d 315 (S.D.N.Y. 2013) .................................................................... 8

*Florence Cty. Sch. Dist. Four v. Carter ex rel. Carter*,
510 U.S. 7 (1993) .................................................................................................... 6

*G.B. v. N.Y.C Dep't of Educ.*,
145 F. Supp. 230 (S.D.N.Y. 2015) ......................................................................... 8

*Hardison v. Bd. Of Educ. of the Oneonta City Sch. Dist.,*
773 F.3d 372 (2d Cir. 2014) .................................................................................... 2

*M.B. v. Minisink Valley Cent. Sch. Dist.*,
523 Fed. Appx. 76 (2d Cir. 2013) ........................................................................... 5

*M.N. v. Katonah-Lewisboro Sch. Dist.*,
No. 14-CV-3845, 2016 U.S. Dist. LEXIS 124802 *21 (S.D.N.Y September
14, 2016) ............................................................................................................... 10

*R.E. v. N.Y.C. Dep't of Educ.*,
694 F.3d 167 (2d Cir. 2012) ............................................................................. 4, 5

*Sch. Comm. Of Burlington v. Dep't of Educ.*,
471 U.S. 539 (1985) ................................................................................................ 6

*S.W. v. NYC Dept. of Educ.*,
646 F. Supp. 2d 346 (S.D.N.Y. 2009) .................................................................... 9

## PRELIMINARY STATEMENT

In the Fall of 2020, Plaintiffs chose to keep their child A.P. (the "Student") enrolled in a private, remote learning program, despite the program offering significantly reduced instruction and lacking the support the Student requires to address her emotional and behavioral needs. Given these issues, the State Review Officer ("SRO") properly found the Student's private placement was not appropriate.

In their motion papers, Plaintiffs misrepresent or misinterpret the decision of the SRO and seek to blame both the Department and the Impartial Hearing Officer ("IHO") for their failure to meet their burden in demonstrating that the Student's private placement for the 2020-2021 school year was appropriate. The Department reasserts its position that the SRO's decision denying tuition funding for that school year was clear, thorough, and well-supported. Notwithstanding Plaintiffs' hyperbolic arguments, the decision is entitled to deference from this Court.   Further, Plaintiffs have not demonstrated how the Student's individualized plans were appropriately modified in the 2020-2021 school year for remote learning. Finally, Plaintiffs are precluded from asserting a claim for compensatory services and even if Plaintiffs were not precluded, they are not entitled to any such relief.  For all of these reasons, and as set forth more fully in the Department's initial cross-motion papers, the Court should uphold the SRO's decision and deny Plaintiffs' claims in their entirety.

1

## ARGUMENT

## POINT I

**PLAINTIFFS' EFFORTS TO CRITIQUE THE SRO DECISION ONLY FURTHER DEMONSTRATE ITS QUALITY**

As the Department argued in its moving brief, the SRO decision is well reasoned and grounded in the applicable law. Plaintiffs assert the SRO committed legal error in two ways: (1) by applying the "perfect placement" standard for determining the appropriateness of a private placement (*see* ECF No. 43 Plaintiffs' Reply, at  4), and (2) finding the remote program at Keswell, the private school, was appropriate in the immediately preceding school year. However, Plaintiffs misstate the reasoning and conclusions of the SRO.

**A.      The SRO did not apply an unreasonable or unfair standard in assessing Plaintiffs' claims.**

While Plaintiffs assert the SRO held them to a nearly impossible standard, that is simply not correct. The SRO did not hold or at any point suggest that a parent's private placement must be perfect to be deemed appropriate for tuition reimbursement. Both the SRO and the Department cited and applied the correct standard that a student's "private placement is appropriate if it provides instruction specifically designed to meet the unique needs of a student," and is "reasonably calculated to enable the child to receive education benefits." R.0373 (quoting 20 § U.S.C. 1401[29] and *Hardison v. Bd. Of Educ. of the Oneonta City Sch. Dist.*, 773 F.3d 372, 286 (2d Cir. 2014)). The SRO applied this standard to both of the school years at issue here. That the SRO reversed the IHO and found that Keswell was appropriate for the entire 2019-2020 school year, including the remote portion between March and June of 2020, demonstrates that the SRO did not apply an unduly harsh standard.

In his decision, the SRO considered the effect of the switch to remote instruction in March of 2020 and how this impacted the appropriateness of Keswell for the Student. R. 0372. Plaintiffs misstate the SRO's finding with respect to the 2019-2020 school year because the SRO did not find that the remote portion of the 2019-2020 school year was appropriate. Rather, the SRO ruled on the appropriateness of the *entire* 2019-2020 school year. The SRO determined that it would not be fair to solely assess the appropriateness of the remote portion of the 2019-2020 school year without considering the education the Student had received in-person for the greater part of the school year, particularly where "the unprecedented disruption to the educational system in New York caused by the Covid-19 pandemic" cannot be attributed to Plaintiffs, or any party. *Id*.

The SRO thoroughly assessed the Student's educational, social, and emotional needs before beginning his evaluation of whether Keswell met those needs. R.0374. Highlighting the testimony of Keswell's Associate Director at the Impartial Hearing, the SRO emphasized that the Student required "'full adult support . . . throughout the day, direct instruction to practice and utilize replacement strategies, and continuous, full day 1:1 instruction to acquire and utilize those replacement behaviors during times that [the Student] is more prevalent to demonstrate maladaptive behaviors.'" R. 0379. The SRO noted that prior to the pandemic, the Student attended Keswell from 8:45am to 4:45pm and was in a classroom with four other students where she received 1:1 instruction and Applied Behavior Analysis ("ABA") services. R. 0375. After the school closed due to the pandemic, the Student only received four thirty-minute remote sessions of instruction. *Id*.

Though there was a lack of evidence regarding how Keswell's program was modified for remote instruction and the Student did not receive as many hours of instruction as

she would have in-person, the SRO nonetheless found that, overall, Keswell provided the Student with appropriate instruction that addressed her unique needs in the 2019-2020 school year. R.0377. Thus, despite the SRO finding a reduction in the quantity of the Student's instruction from March-June 2020, he still awarded tuition funding for the entire year, especially given that Plaintiffs did not select the Student's remote instruction in the 2019-2020 school year. R. 0374-75. It is abundantly clear the SRO did not wish to hold any party accountable for the unforeseeable unique circumstances that arose when the Covid-19 pandemic caused Keswell to transition to remote instruction. R.0377. Had the SRO applied a "perfect placement" standard, as Plaintiffs purport was applied here, the SRO would not have issued tuition funding for the remote portion of the school year. The SRO's assessment of the appropriateness of the 2019-2020 school year further supports that his decision was well-reasoned, thorough, and considered some of the policy implications Plaintiffs allude to.

**B.    Plaintiffs' reliance on evidence not before the SRO does not detract from the overall quality of his opinion.**

As part of their motion in the case before this Court, Plaintiffs have submitted an additional progress report, one that was not part of the underlying record. The SRO thus did not have an opportunity to review or consider this additional evidence; this however, does not mean that the SRO's decision should not be afforded deference. While district courts afford extra deference to state decisions that were based entirely on the same evidence before the district court, state determinations grounded in thorough and logical reasoning are allotted more deference than decisions that are not. *See R.E. v. N.Y.C. Dep't of Educ.*, 694 f.3D 167, 189 (2d

Cir. 2012).[1] The facts demonstrated in the foregoing paragraphs highlight the quality and thoroughness of the SRO's decision. The SRO analyzed in detail the Student's emotional, social, and educational background as well as the procedural posture of the case and the applicable laws. *See e.g.* R.0363-0380. The SRO then applied the appropriate legal standard, gave due consideration to the unique circumstances presented, and made a thorough assessment of the appropriateness of the Student's private placement over the course of the two school years at issue. Accordingly, this SRO's decision merits deference.

Moreover, the progress report offers little new information.  As noted above, the SRO considered the Student's demonstrated progress contained in the hearing record when he made his decision. The SRO reviewed Keswell's June progress report and found the Student continued to demonstrate consistent progress with her pre-academic skills and exhibited relative strength in receptive language, visual performance, as well as in basic math and reading skills. R.0378. Nonetheless, the SRO concluded that this progress was not sufficient to establish this private placement in the 2020-2021 school year was appropriate for the Student. R0379. Not only did the SRO review the Student's progress, but he also noted the areas the Student continued to struggle with and present deficits in, as well as the reduction in support and instruction she received in Keswell's remote learning program. R.0378-79. Thus, the SRO considered all factors and circumstances contained in the record to make his well-reasoned decision. *See M.B. v. Minisink Valley Cent. Sch. Dist.*, 523 Fed. Appx. 76, 78 (2d Cir. 2013)(finding in viewing the totality of the circumstances, plaintiffs failed to meet their burden in establishing the appropriateness of the private placement). The mere existence of additional

---

[1] Plaintiffs curiously contend the Department "somehow entirely omitted" this case from its memorandum despite being cited in Plaintiffs' Memorandum. However, the Department cited *R.E.* twice in its memorandum, on pages 6 and 8.

evidence not considered by the SRO is ultimately of little consequence.  The Court should still uphold the decision.

**POINT II**

**PLAINTIFFS' HAVE FAILED TO SHOW HOW THE STUDENT'S INDIVIDUALIZED LEARNING PLANS WERE MODIFIED FOR REMOTE LEARNING**

Even if this Court afforded the SRO decision less deference than the Department submits is warranted, Defendants' cross-motion for summary judgment should be granted because Plaintiffs have continuously failed to show how the Student's individualized plans were adapted for remote instruction. The record is devoid of "information concerning how the one-to-one instruction and related services were modified for remote, as opposed to in-person delivery." R.0380. Plaintiffs continue to attribute the lack of evidence pertaining to the Student's remote education plan to the Department and argue that the Department did not challenge the appropriateness of Keswell's remote programming at the impartial hearing. (Plaintiffs' Reply, at 2). However, Plaintiffs are mistaken for two reasons—first, Plaintiffs bear the burden of establishing the appropriateness of their private school placement and second, the Department did challenge the remote program at the Impartial Hearing through its substantive cross-examination of Keswell's Associate Director. *See e.g.* R.0074-0084.

At the administrative hearing, Plaintiffs were required to establish that the private school they selected provided an education and related services designed to meet the Student's unique needs and confer educational benefits. *See Sch. Comm. Of Burlington v. Dep't of Educ.*, 471 U.S. 539, 369 (1985); *see also Florence Cty. Sch. Dist. Four v. Carter ex rel. Carter*, 510 U.S. 7, 13 (1993).  Just as the burden of proof under Burlington/Carter's prong 1 remained on the school district to prove it offered the Student a free appropriate education (FAPE) despite the

Covid-19 pandemic, the burden of proof similarly remained with Plaintiffs to prove their private placement of the Student was appropriate. The Covid-19 pandemic did not relieve Plaintiffs of their obligation to prove how the Student's education plan was modified to confer educational benefits on the Student through remote instruction.

To the extent Plaintiffs contend that the Department did not contest the hearing or raise concerns regarding remote instruction, the Department's attorney cross-examined Keswell's Associate Director. R.00774-0084. The Department's attorney elicited testimony in which Keswell's Associate Director elaborated on the services and supports the Student received in-person compared to the services and supports the Student received when Keswell went remote in March of 2020, as well as when Plaintiffs chose to keep the Student remote in the Fall of 2020. *Id*. It was then incumbent on Plaintiffs to demonstrate how this reduction in key services did not render the program inappropriate.  They failed to do so.

Additionally, as Plaintiffs placed great emphasis on Keswell's Integrated Individual Education Plan for July 2020-June 2021 to prove the appropriateness of its remote learning program (Plaintiffs' Memorandum of Law, at 9), the Department conducted its own in-depth analysis of Keswell's internal plan to prove it was not adapted for remote learning. Contrary to Plaintiffs' assertion, the Department did not "cherry-pick[] beside-the-point details;" rather, the Department highlighted several key areas included in the Student's individualized plan that were meant for the Student to work at in-person. (Plaintiffs' Reply, at 3). Plaintiffs cannot seriously argue that classroom routines and social skills are not important areas for the Student to grow and develop in.  The Department merely discussed these specific areas as examples of what was excluded from Keswell's remote learning program and thereby show that it could not meet the Student's unique needs.

Further, the Department did not turn a blind eye to the health, safety, or medical risks posed by the Covid-19 pandemic in the Fall of 2020; it merely reasserted Plaintiffs' burden of establishing the appropriateness of their placement. Plaintiffs' reliance on *G.B.* is entirely misplaced as the student in that case suffered from PANDAS, a seizure disorder with food allergies, requiring the student to be in a climate controlled setting at all times or risk neurological dysfunction should he get strep throat. *G.B. v. N.Y.C Dep't of Educ.*, 145 F. Supp. 230, 252 (S.D.N.Y. 2015). This Court concluded that the school district in *G.B.* did not provide the student a FAPE because the district recommended a school in the IEP that lacked air conditioning and thus posed a tremendous risk to the student's seizures becoming dysregulated in extreme heat. *Id.* at 240. On the other hand, the IEP in this case did not contain deficiencies concerning the Student's health requirements. While Plaintiffs cite the risk of Kawasaki disease posed to an autistic child should the child contract Covid-19, the Department never submitted that the Student was required to return to Keswell's in-person program. The Department argued and maintains only that the remote program chosen by Plaintiffs was inadequate, and as a result, inappropriate.

## POINT III

### PLAINTIFFS ARE PRECLUDED FROM AN AWARD OF COMPENSATORY EDUCATION SERVICES

While Plaintiffs finally addressed their request for compensatory education services in their Reply Memorandum, Plaintiffs failed to adequately raise this request and the reasons supporting it in their Due Process Complaint ("DPC"), federal complaint, or in their motion papers. The scope of the inquiry of an impartial hearing officer, a state review officer, and federal district court is limited to the matters either raised in a plaintiff's complaint or agreed to by the defendant. *D.B. & M.C. v. N.Y.C. Dep't of Educ.*, 966 F. Supp. 2d 315, 328 (S.D.N.Y.

2013). Here, this issue was not sufficiently raised in their complaint nor was it included in their appeal to the Office of State Review. Plaintiffs thus failed to preserve this issue for review.

It is well settled that "a party's failure to raise an argument during administrative proceedings generally results in a waiver of that argument," and district courts lack subject matter jurisdiction over claims not raised in the DPC or exhausted as part of the administrative review process. *B.P. v. N.Y.C. Dep't of Educ.*, 2014 U.S. Dist. LEXIS 167552, at *18 (S.D.N.Y. December 3, 2014). Plaintiffs here clearly did not exhaust their claim for compensatory services during the administrative review process. Though Plaintiffs included their request for compensatory relief in their DPC and in their prayer for relief, Plaintiffs did not provide a basis for their entitlement to this award in either complaint or their motion papers, nor did Plaintiffs raise any arguments in support of their request at the administrative hearing. As a result, the IHO did not award compensatory services or even address the claim. Plaintiffs then failed to raise the issue in their Request for Review so it was not even considered by the SRO nor can it be considered now. Additionally, Plaintiffs erroneously assert that the Department cannot argue against compensatory services now because it allegedly waived all arguments it did not raise regarding Keswell's appropriateness at the impartial hearing. Although the party initiating a due process proceeding under the IDEA must raise all issues in their DPC for such issues to be addressed and preserved during administrative and legal proceedings, neither the IDEA nor state regulations impose such a reciprocal obligation upon the responding party—here the Department. *See* 20 U.S.C. §§ 1415(c)(2)(E)(i), 1415(f)(3)(B); 8 N.Y.C.R.R. § 200.5(j)(1)(ii). *See also S.W. v. NYC Dept. of Educ.*, 646 F. Supp. 2d 346 (S.D.N.Y. 2009). Thus, all of the Department's contentions contained in the hearing record and in their moving papers before this Court are valid.

Even if this issue was preserved, Plaintiffs do not have a viable claim for compensatory services. Compensatory education is a form of equitable relief designed to compensate a student who was educated under an inadequate IEP and to enable that student to "catch-up" to where the student would have been academically had there not been a denial of a FAPE. *See M.N. v. Katonah-Lewisboro Sch. Dist.*, No. 14-CV-3845, 2016 U.S. Dist. LEXIS 124802 *21 (S.D.N.Y September 14, 2016). In rejecting the Department's recommendations for the 2020-2021 school year, unilaterally placing the Student in a private program, and seeking tuition funding for that program, Plaintiffs cannot also seek additional services for any alleged deprivation in that same school year. Whatever issues existed in the Department's recommendations, Plaintiffs' principal claim is based on the contention that Keswell provided the Student with appropriate special education and related services sufficient to meet the Student's needs. If that is true, the Student is not entitled to compensatory services. If that is false, Plaintiffs are not entitled to tuition funding for this inadequate program. Plaintiffs cannot claim both in the same action. Further, if the Keswell program is inadequate, that is the result of Plaintiffs' unilateral choice, and is not a basis to seek additional services from the Department. The Court should deny this claim in its entirety.

## **CONCLUSION**

**WHEREFORE**, for all of the foregoing reasons, and based on all papers previously submitted, the Department respectfully requests this Court affirm the decision of the SRO, deny Plaintiffs' claims in their entirety, and grant its cross-motion for summary judgment.

Dated:           March 10, 2022
                 New York, New York

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street, Room 2-301
New York, NY 10007
t: (212) 356-3586
e: ayacyshy@law.nyc.gov


By:    s/
       _____
       ALEXANDRA L. YACYSHYN
       *Assistant Corporation Counsel*

11