UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
A.P., et al,                                                :
                              Plaintiffs,                   :
                                                            :      21 Civ. 7439 (LGS)
            -against-                                       :
                                                            :      **OPINION & ORDER**
                                                            :
NEW YORK CITY DEPARTMENT OF                                 :
EDUCATION,                                                  :
                              Defendant.                    :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

  Plaintiffs A.P. and M.P. bring this action against the New York City Department of Education ("DOE") pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. The Court granted partial summary judgment to Plaintiffs, holding that they were entitled to partial tuition reimbursement, as set forth in the decision of the Impartial Hearing Officer ("IHO"). *M.P. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 7439, 2022 WL 4109774, at *6 (S.D.N.Y. Sept. 8, 2022), *vacated and remanded sub nom. A.P. v. N.Y.C. Dep't of Educ.*, No. 22-2636, 2024 WL 763386 (2d Cir. Feb. 26, 2024). On appeal, the Second Circuit vacated the Court's decision awarding only partial reimbursement and remanded the case for further proceedings. Upon consideration of the parties' supplemental arguments, the case is further remanded to the IHO to consider the equities in determining the appropriate amount of tuition reimbursement.

I.  **BACKGROUND**

  Familiarity with the underlying facts is assumed. *See M.P.*, 2022 WL 4109774. The following procedural history is a matter of public record.

In the administrative proceedings below, the IHO found that the parent's private school placement was generally appropriate, but awarded Plaintiffs only partial tuition reimbursement for the 2020-2021 school year due to the remote nature of A.P.'s instruction during the COVID-19 pandemic. On appeal, the state review officer ("SRO") disagreed that Plaintiff's placement was appropriate and denied any tuition award for the 2020-2021 school year.

Plaintiffs initiated this action to appeal the SRO's findings. On the parties' cross-motions for summary judgment, the Court agreed with the IHO and awarded partial reimbursement. *M.P.*, 2022 WL 4109774, at *8. Plaintiffs appealed to the Second Circuit, challenging the award of only partial reimbursement.

On appeal, the Second Circuit vacated the partial reimbursement decision and remanded for further proceedings. *A.P.*, 2024 WL 763386, at *2. The Second Circuit clarified the application of the so-called *Burlington*/*Carter* test to determine whether reimbursement for private-school expenses is appropriate. *See id.* The test considers three factors: "(1) whether the school district's proposed plan will provide the child with a free appropriate public education; (2) whether the parents' private placement is appropriate to the child's needs; and (3) a consideration of the equities." *Id.*; *see also Florence Cnty. Sch. Dist. Four v. Carter*, 510 U.S. 7 (1993); *Sch. Comm. of Burlington v. Dep't of Educ. of Mass.*, 471 U.S. 359 (1985); The Second Circuit held that "[t]he first two prongs of the test generally constitute a binary inquiry that determines whether or not relief is warranted." *A.P.*, 2024 WL 763386, at *2. If relief is warranted, Plaintiffs are entitled to a presumption of a full reimbursement award, unless the third prong's "consideration of the equities" justifies reduction. *Id.* The Second Circuit found that the IHO had improperly applied the test by reducing the award in the second prong's appropriateness inquiry, rather than determining whether the equities justified awarding less than full

reimbursement. *Id*. The Second Circuit held that the District Court had improperly deferred to the IHO's finding of a partial award, which was based on a misapplication of the law. *Id*. The Second Circuit noted and did not otherwise disturb the IHO and the District Court findings that the DOE had failed to offer a free appropriate public education ("FAPE") and that Plaintiff's private placement was appropriate -- i.e., the binary inquiry finding that relief is warranted. *Id.* at *1. The Second Circuit remanded the case for further proceedings. *Id*. On remand, both parties filed supplemental letter briefs.

## II.    LEGAL STANDARD

The IDEA mandates that states receiving federal special education funding provide disabled children with a FAPE. 20 U.S.C. § 1412(a)(1)(A). "The IDEA also requires that school districts create an individualized education program ("IEP") for each qualifying child." *W.A. v. Hendrick Hudson Ctr. Sch. Dist.*, 927 F.3d 126, 133 (2d Cir. 2019).[1] "Parents who are dissatisfied with their child's education can unilaterally change their child's placement during the pendency of review proceedings." *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 526 (2d Cir. 2020). Such parents "can obtain retroactive reimbursement from the school district after the IEP dispute is resolved, if they satisfy . . . the *Burlington-Carter* test." *Id.*

After the Second Circuit's unreported decision in this case, that court formally adopted the binary-inquiry approach discussed above when addressing the first two factors of the *Burlington/Carter* test to determine whether relief is appropriate. *Ferreira v. Aviles-Ramos*, 120 F.4th 323, 329 (2d Cir. 2024). The amout of reimbursement is determined at the third prong, which considers the equities. "The relief fashioned must be appropriate in light of the purpose of the IDEA, which is to ensure that all children with disabilities have available to them a FAPE

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

3

that emphasizes special education and related services designed to meet their unique needs." *Id.* at 330. Among the equitable factors to be considered, *Ferreira* explicitly mentioned the reasonableness of the private education tuition, adequate notice by the parents and the parents' obstructing school district efforts. *Id.*

The Second Circuit previously had provided a longer list of non-exhaustive equitable factors, including:

> whether plaintiff's unilateral withdrawal of her child from the public school was justified, whether plaintiff provided the Department with adequate notice of the withdrawal, whether the amount of private-school tuition was reasonable, whether plaintiff should have availed herself of need-based scholarships or other financial aid from the private school, and whether there was any fraud or collusion in generating (or inflating) the tuition to be charged to the Department, or whether the arrangement with the school was fraudulent or collusive in any other respect.

*E.M. v. N.Y.C. Dep't of Educ.*, 758 F.3d 442, 461 (2d Cir. 2014); *accord Maysonet v. N.Y.C. Dep't of Educ.*, No. 22 Civ. 1685, 2023 WL 2537851, at *4 (S.D.N.Y. Mar. 16, 2023). Courts in this District have also considered "whether the parents cooperated with the [committee on special education] . . . whether the parents visited DOE's proposed placement; whether the parents intended to genuinely consider a proposed public placement . . . ; whether the parents or the DOE unreasonably delayed anything; and the appropriateness of the DOE's conduct." *GB v. N.Y.C. Dep't of Educ.*, 145 F. Supp. 3d 230, 257 (S.D.N.Y. 2015).

In *Ferreira*, the Second Circuit held for the first time that a district court must independently "make a determination of the balance of the equities" in deciding a claim for reimbursement, and not defer to the administrative agency's balancing of the equities for the third prong of the *Burlington*/*Carter* test. *Ferreira*, 120 F.4th at 333. The Second Circuit upheld the district court's balancing, and did not find that the district court had

4

erred in deferring to the IHO's factual findings, when neither party had challenged them or sought to submit additional evidence under § 1415(i)(2)(C). *Id.*

"Where there are gaps in the administrative record or the [administrative officer] has applied an improper legal standard, [courts] have, on numerous occasions, remanded to the [agency] for further development of the evidence." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999) (directing remand to Commissioner of Social Security to supplement the record); *see Frias v. Banks*, No. 24 Civ. 1767, 2024 WL 4635315, at *2 (S.D.N.Y. Oct. 30, 2024) ("A court may remand a proceeding when it needs further clarification or does not have sufficient guidance from the administrative agencies.").

### III.   DISCUSSION

This case is remanded to the IHO to develop the factual record and analysis of the third prong of the *Burlington/Carter* test, "a consideration of the equities" to determine the amount of reimbursement. The equitable factors should include (but are not limited to) whether the private school tuition was reasonable, as well as whether the equitable considerations warrant a full reimbursement of tuition to Plaintiffs.

The parties do not dispute that Plaintiffs have met the first two prongs of the *Burlington/Carter* test: that DOE has failed to provide A.P. with a FAPE and that A.P.'s private placement was appropriate. But the factual record and analysis of the third prong were not fully developed in the administrative proceedings, given the Second Circuit's subsequent clarification of the law. The IHO addressed only equitable factors relating to the parents' conduct and found no evidence that they had failed to act appropriately.

In particular, the administrative decisions did not consider the reasonableness of tuition. Defendant now contests that issue, but because Defendant did not raise it until the case reached

5

the Court of Appeals, Plaintiffs had no opportunity to introduce relevant evidence, as they point out. While "[t]he law of the case doctrine forecloses reconsideration of issues that were decided -- or that could have been decided -- during prior proceedings," courts can revisit earlier decisions for "compelling reasons" such as "an intervening change in law." *Choi v. Tower Rsch. Cap. LLC*, 2 F.4th 10, 21 (2d Cir. 2021). In the prior proceedings, the parties focused their arguments on the second prong and did not understand that only the third prong bears on the reimbursement amount. The Second Circuit's subsequent clarification of the law should not prejudice either party for not arguing or introducing evidence about the reasonableness of tuition as an equitable factor in the third prong.

Remand is the proper remedy rather than this Court addressing the reasonableness of tuition and other possible equitable arguments in the first instance. The Court has found no authority, and the parties point to none, where the district or appellate court addressed tuition reasonableness in the first instance before any administrative findings. In *M.H. v. New York City Department of Education*, after affirming the district court's grant of summary judgment to plaintiffs, the Second Circuit explicitly "t[ook] no position on whether" partial reimbursement would have been appropriate "had the DOE identified before the state administrative officers or the district court" any unnecessary expenses "or had otherwise shown that only a portion of [the child's] tuition cost should be reimbursed." 685 F.3d 217, 255 n.12 (2d Cir. 2012); *see M.M. v. N.Y.C. Dep't of Educ.*, 26 F. Supp. 3d 249, 259 n.5 (S.D.N.Y. 2014) (refusing to speculate on tuition reasonableness when the issue was not raised below nor contested). Remand for further factual development and evaluation of the equities is appropriate.

## IV.     CONCLUSION

For the foregoing reasons, the matter is **REMANDED** to the IHO to develop the factual record on the third prong of the *Burlington/Carter* test -- "a consideration of the equities" -- and thereby determine the proper amount of reimbursement. The Court encourages the IHO to complete any proceeding within two months. Within one week of a supplemental order by the IHO, the parties shall file a letter appending the order and proposing next steps.

Dated:  May 22, 2025
            New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**