

The application is untimely but **GRANTED** nunc pro tunc.  Defendant shall file its status letter by **August 1, 2025**.  The Clerk of Court is respectfully directed to close the motion at Dkt. No. 68.

Dated: July 29, 2025
       New York, New York

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

T‍HE C‍ITY OF N‍EW Y‍ORK
**L‍AW D‍EPARTMENT**
100 C‍HURCH S‍TREET
N‍EW Y‍ORK, NY 10007

L‍ORNA G. S‍CHOFIELD
U‍NITED S‍TATES D‍ISTRICT J‍UDGE

July 28, 2025

*Via ECF*

The Honorable Lorna G. Schofield
United States District Court for the
Southern District of New York
40 Foley Square
New York, NY 10007

     Re: <u>**M.P., *et al.* v. N.Y.C. Dep't of Educ.**</u>, No. 21 CV 7439 (LGS)

Dear Judge Schofield:

  I am an Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York, Muriel Goode-Trufant, attorney for the Defendant New York City Department of Education ("DOE" or "Defendant") in the above-referenced action. I write to respectfully request a brief extension, to August 1, 2025, of the Defendant's time to submit a status letter to the Court.

  As the Court will recall, this action is brought under the Individuals with Disabilities Education Act. On May 22, 2025, after this matter was remanded to this Court by the Second Circuit on or about February 26, 2024, (Op. & Order, May 22, 2025, at pp. 1, 7), the Court further remanded the matter to the Impartial Hearing Officer ("IHO") presiding over the related administrative proceeding "to develop the factual record and analysis of the third prong of the *Burlington*/*Carter* test," (*id.* at p. 5), and further directed the parties to provide a letter within one week of the issuance of the IHO's remand decision that both appended the decision and proposed next steps, (*id.* at p. 7).

  This morning I received an email from Plaintiffs' counsel with a draft letter attached, requesting that I advise by noon whether the DOE consented to the letter. In the draft letter, Plaintiff indicated that a remand decision by the IHO had been issued. However, until receipt of Plaintiffs' counsel's email, I was unaware that any such decision may have been issued, as the Law Department does not appear at the administrative level in IDEA cases and

does not have first-hand access to such decisions. As such, I reached out to my liaison at the DOE to determine whether a decision had, in fact, been issued; to obtain a copy of the decision and to review it; and to begin discussions about next steps.

This afternoon, I contacted Plaintiffs' counsel to request their consent to a brief extension, to Friday, August 1, 2025, of the time to submit a joint status letter so that I could receive and review the IHO's decision and discuss it with my client (from whom I have not yet received a response in connection with this matter at the time of the submission of this letter). I also asked for any reasons why they would not consent, if they did not, per the Court's Individual Rules and Procedures. Plaintiffs' counsel responded, "[U]nfortunately I cannot consent as I am going on a pre-booked vacation later this week. Further, this case has been languishing in proceedings for nearly five years, and the IHO's decision could not be clearer."

In light of Plaintiffs' counsel response, I respectfully request an extension of Defendant's time to submit a letter—on its own—to Friday, August 1, 2025, from today, July 28, 2025, relating to the remand decision (accepting Plaintiffs' counsel's representation as to its issuance) and proposed next steps. As intimated above, this brief extension will permit me to receive and review the decision and to discuss it with my client. This is the DOE's first request for an extension of its time to submit a status letter. As noted, Plaintiffs' counsel has not consented to this request for the reasons set forth above.

I thank the Court for its consideration of this application.

Respectfully yours,

*/s/ David S. Thayer*

David S. Thayer

cc: **Via ECF**
All counsel of record